# United States Court of Appeals

## For the First Circuit

No. 07-1452

BOSTON GAS COMPANY,
d/b/a KEYSPAN ENERGY DELIVERY,
Plaintiff, Appellee,

v.

CENTURY INDEMNITY COMPANY,
Defendant, Appellant.

_____

CERTAIN UNDERWRITERS AT LLOYD'S LONDON;
CERTAIN LONDON MARKET INSURANCE COMPANIES;
TRAVELERS CASUALTY AND SURETY COMPANY;
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED;
AETNA CASUALTY & SURETY COMPANY;
THE HARTFORD INSURANCE COMPANY,
Third-Party Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Rya W. Zobel, U.S. District Judge]

Before
Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Gelpi,* District Judge.

**ORDER FOR CERTIFICATION OF QUESTIONS**
**TO THE SUPREME JUDICIAL COURT OF MASSACHUSETTS**
**Entered:  June 10, 2008**

For the reasons stated in our decision in this case, submitted

with this order, we certify the following three questions to the

_____

*Of the District of Puerto Rico, sitting by designation.

Supreme Judicial Court of Massachusetts:

1.  Where an insured protected by standard CGL policy language incurs covered costs as a result of ongoing environmental contamination occurring over more than one year and the insurer provided coverage for less than the full period of years in which contamination occurred, should the direct liability of the sued insurer be pro rated in some manner among all insurers "on the risk," limiting the direct liability of the sued insurer to its share but leaving the insured free to seek the balance from other such insurers?

2.  If some form of pro rata liability is called for in such circumstances, what allocation method or formula should be used?

3.  If a single insurer in such circumstances is subject to liability under more than one policy and each policy has a separate deductible or self-insured retention, should the insured be able to collect covered losses from a single policy subject only to that policy's deductible or self-insured retention, or should liability be reduced by the sum of the applicable self-insured retentions, effectively allocating total liability across the policies of that insurer in effect during the contamination period?

This court certifies that these questions are determinative of the claim in this case and that it appears there is no controlling precedent in the decisions of the Supreme Judicial Court. We would also welcome any additional guidance about relevant Massachusetts law that the Supreme Judicial Court may wish to offer.

The clerk of this court is to forward, under the official seal of this court, a copy of the certified questions and our decision in this case, along with the briefs and appendix filed by the parties, to the Supreme Judicial Court of Massachusetts. In the interim, we retain appellate jurisdiction.

By Order
Richard C. Donovan,
Clerk
United States Court of Appeals
For the First Circuit


Entered:  June 10, 2008


                                        /s/
                                        Michael Boudin,
                                        Chief Judge
                                        United States Court of Appeals
                                        For the First Circuit

cc: Hon. Rya W. Zobel, Ms. Sarah Thornton, Clerk, United States
District Court for the District of Massachusetts, Ms. Susan Mellen,
Clerk, Massachusetts Supreme Judicial Court, Mr. Koepff, Mr.
Fleishman, Ms. Bach, Ms. Maylor, Mr. Anderson, Mr. Kolman, Mr.
Firrolo, Mr. Harding, Mr. Conroy, Mr. Gibbons, Mr. Adams, Mr.
Roberts, Mr. Chaffin, Mr. Shoulkin, Ms. Foggan, Mr. Rivkin, Ms.
Barry, Mr. Gilbert, Mr. Rutkin, Mr. Cellucci, Mr. Goldstein, Mr.
Mekrut, Mr. Heskin, Mr. Kappus, Mr. Pentz, Mr. Nadas, Mr. Trotter,
Ms. Koh, Mr. Quinn, Mr. Snell, Mr. Elkind, Mr. McAndrews, Ms.
Gallagher,